IN FEDERAL DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON – SEATTLE

| | |
|---|---|
| SHAKLEE & OLIVER, P.S., and JONATHAN SHAKLEE,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | No.  2:20-cv-00806<br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT** |

## I. INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA") to compel United States Citizenship and Immigration Services ("USCIS") to respond to requests for immigration records to which it has unlawfully failed to timely respond as mandated by FOIA.

## II. JURISDICTION AND VENUE

2. The Eastern District of Washington has jurisdiction over this pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and because a substantial portion of the events occurred in the District.

4. The Plaintiff is deemed to have exhausted her administrative remedies as the Defendant failed to timely respond to the FOIA requests. 5 U.S.C. § 552(a)(6)(C)(i).

## III. PLAINTIFFS

9. Plaintiff Shaklee & Oliver, PS, is a professional limited liability corporation registered and doing business in the State of Washington.

10. Plaintiff's principal place of business is 823 3rd Ave Suite 206, Seattle, Washington 98104.

11. Plaintiff practices law primarily in the area of U.S. immigration law.

12. Jonathan Shaklee is an attorney licensed to practice law in the State of Washington.

13. Mr. Shaklee is employed by Shaklee & Oliver, P.S.

14. Mr. Shaklee resides in Kennewick, Washington.

15. Mr. Shaklee was the requestor in each of the FOIAs at issue in the case at bar.

## IV. DEFENDANT

16. USCIS is an agency within the Department of Homeland Security (DHS).

17. Upon information and belief, USCIS has within its possession the records requested in Plaintiffs' FOIA requests.

## V. FACTUAL ALLEGATIONS

18. Alien Files, or A-Files, are individual files identified by a subject's Alien Registration Number ("A-Number),

19. An A-Number is a unique personal identifier assigned to a non-citizen.

20. A-Files became the official file for all immigration and naturalization records created or consolidated since April 1, 1944.

21. Before the inception of USCIS on March 1, 2003, A-Files were maintained by the Immigration and Naturalization Service ("INS")

22. USCIS now maintains both A-Files created since March 1, 2003, as well as A-Files previously created by legacy INS.

23. With the possible exception of discovery litigation, a FOIA request is an individual's only means of obtaining records contained in his/her A-File.

24. In many contexts, U.S. immigration lawyers cannot provide legal representation that comports with the standard of care without obtaining a client's A-File.

25. On March 5, 2020, Mr. Shaklee lodged a FOIA request with USCIS (hereinafter "FOIA Request *6091"). USCIS assigned this request control number NRC2020046091.

26. On March 26, 2020, Mr. Shaklee lodged a FOIA request with USCIS (hereinafter "FOIA Request *8608"). USCIS assigned this request control number NRC2020058608.

27. On March 27, 2020, Mr. Shaklee lodged a FOIA request with USCIS. USCIS assigned this request control number NRC 2020059168 (hereinafter "FOIA Request *9168").

28. Mr. Shaklee filed each of the above FOIA requests in the course of representing a corresponding immigration client of his.

29. In each of the above requests, Mr. Shaklee requested a copy of the corresponding client's A-File from USCIS.

30. Mr. Shaklee filed each of the above requests because he determined that obtaining a client's A-File was necessary to provide legal representation that comported with the standard of care for that client.

31. Defendant is required to respond to a FOIA request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

32. The 20-day response deadline may be extended by no more than 10 business days in the event that the agency notifies the requester in writing of the existence of "unusual circumstances." 5 U.S.C. § 522(a)(6)(B)(i).

33. More than 30 business days have elapsed since FOIA Request *6091 was filed.

34. To date, Defendant has failed to respond to FOIA Request *6091, save for its receipt letter.

35. Defendant has not notified the requester in writing that "unusual circumstances" warrant an extension of its response period in regards to FOIA Request *6091.

36. Defendant has failed to timely respond to FOIA Request *6091.

37. More than 30 business days have elapsed since FOIA Request *8608 was filed.

38. To date, Defendant has failed to respond to FOIA Request *8608, save for its receipt letter.

39. Defendant has not notified the requester in writing that "unusual circumstances" warrant an extension of its response period in regards to FOIA Request *8608.

40. Defendant has failed to timely respond to FOIA Request *8608.

41. More than 30 business days have elapsed since FOIA Request *9168 was filed.

42. To date, Defendant has failed to respond to FOIA Request *9168, save for its receipt letter.

43. Defendant has not notified the requester in writing that "unusual circumstances" warrant an extension of its response period in regards to FOIA Request *9168.

44. Defendant has failed to timely respond to FOIA Request *9168.

45. As a result of Defendant's unlawful delay Plaintiffs have been prejudiced in his ability to provide legal representation to their clients.

46. As a result of Defendant's unlawful delay Plaintiffs have incurred damages, including lost time and income of Mr. Shaklee.

## VII. CLAIM FOR RELIEF

**1 – Violation of FOIA.**

47. Plaintiffs re-alleges and incorporates all paragraphs above as though fully stated herein.

48. Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to A-File FOIA requests and to make a determination concerning each request within the time period set forth in 5 U.S.C. § 552(a)(6)—20 business days, to be extended by no more than 10 business days in the event that the agency notifies the requester in writing of the existence of "unusual circumstances." 5 U.S.C. § 522(a)(6)(B)(i).

49. Defendant failed to make its determination concerning Plaintiffs' FOIA request within the time allotted by the FOIA statute.

50. Defendant has no legal basis for its failure to timely respond to Plaintiff's FOIA request.

## VIII. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A. Judgment in its favor and against Defendant;

B. An order enjoining Defendant from further delay in its response to Plaintiff's FOIA request;

C. An order compelling Defendant to respond to Plaintiff's FOIA request within 5 business days of judgment in this matter;

D. An award of reasonable attorney per 5 U.S.C. § 552(a)(4)(E)(i);

E. An award of reasonable litigation costs per 5 U.S.C. § 552(a)(4)(E)(i). and

F. Grant such further relief as the Court deems just and proper.

[The remainder of this page is intentionally left blank]

1 | Respectfully submitted this 29th day of May 2020,

2 | Sound Immigration

3 | /s/Greg McLawsen
Greg McLawsen
4 | SBA (Washigton State) #41870

5 | (855) 809-5115   |   greg@soundimmigration.com

Mailing address:
6 | 113 Cherry St. ECM# 45921
Seattle, WA 98104-2205

7 |
Physical address (does not accept mail):
724 S. Yakima Ave., Suite 100
8 | Tacoma, WA 98405

9

10

11

12

13

14

15

16

17

18

19

20

21