HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAKLEE & OLIVER, P.S., and
JONATHAN SHAKLEE,

        Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

        Defendant.

Case No. 20-cv-0806-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs Shaklee & Oliver, P.S., and Jonathan Shaklee's (collectively, "Plaintiffs") motion for attorney fees.  Dkt. # 16. Defendant United States Citizenship and Immigration Services ("USCIS") opposes this motion.  Dkt. # 19.  Having reviewed the briefing and applicable law, the Court **DENIES** Plaintiffs' motion.

## II.   BACKGROUND

Plaintiffs Jonathan Shaklee and his law firm, Shaklee & Oliver, P.C. practice immigration law.  Dkt. # 16 at 2.  In March of 2020, Mr. Shaklee submitted three

ORDER – 1

Freedom of Information Act ("FOIA") requests to USCIS for "Alien Files," also referred to as "A-Files," related to his clients. *Id.* at 2-3. The first request was submitted on March 5, 2020; the second on March 26, 2020; and the third on March 27, 2020. *Id.* at 3.

On March 10, 2020, USCIS sent Plaintiffs a letter confirming receipt of their March 5, 2020 FOIA request and informing Plaintiffs of the FOIA request processing policy. Dkt. # 19 at 3. Specifically, USCIS explained that to process the significant number of FOIA requests received by USCIS, the agency uses a policy of processing requests on a first-in/first-out basis ("FIFO"). *Id.* at 2. USCIS also informed Plaintiffs that there may be a delay in processing the request due to the increasing number of FOIA requests received by USCIS. Dkt. # 20 ¶ 7. At the time Plaintiffs' A-File was located on March 10, 2020, USCIS had approximately 5,996 similar FOIA requests in the queue to be processed ahead of Plaintiffs' request. Dkt. # 19 at 3. About a week or two later, the onset of the COVID-19 pandemic significantly affected USCIS's operations and productivity as most USCIS employees transitioned to telework. *Id.* at 3-4.

On May 8, 2020, USCIS scanned the requested documents into USCIS's electronic FOIA processing system. *Id.* at 4. Once the records were processed, USCIS transmitted the non-exempt requested documents and a final action letter to Plaintiffs on July 28, 2020. *Id.*

After receiving Plaintiffs' second request, submitted on March 26, 2020, USCIS again sent Plaintiffs a letter confirming receipt of the request and informing Plaintiffs of the FIFO process and the potential delay in processing. *Id.* At this time, USCIS had approximately 27,012 similar FOIA requests in the queue ahead of Plaintiffs' request. *Id.* Shortly after receiving the request, USCIS determined that the requested A-File was at the National Archives Federal Records Center ("FRC"), which was closed due to COVID-19 and was not processing any records requests except on an emergency basis, defines as "cases where life, safety or national security were at stake." *Id.*

Around June 24, 2020, the FRC began to gradually resume some operations. *Id.*

ORDER – 2

USCIS requested the records from the FRC five days later. *Id.* On July 2, 2020, USCIS received the requested records and scanned them into the FOIA processing system. *Id.* Two weeks later, on July 15, 2020, USCIS sent the records to Plaintiffs after processing was complete. *Id.*

Consistent with its response to Plaintiffs' first two requests, USCIS sent Plaintiffs a letter confirming receipt of Plaintiffs' third FOIA request and again informed them of the possible delays in processing. *Id.* at 4-5. Because the A-File in Plaintiffs' third request was also located at the FRC, which was closed due to COVID-19, USCIS faced a similar hurdle in processing. *Id.* at 5. In addition, USCIS had approximately 27,124 similar FOIA requests in the queue ahead of Plaintiffs' third request. *Id.*

On June 29, 2020, after the FRC began to resume operations, USCIS requested the records for Plaintiffs' third FOIA request from the FRC. *Id.* On July 2, 2020, USCIS received the records and scanned them into the FOIA processing system. *Id.* USCIS finished processing the records and sent them to Plaintiffs on July 15, 2020. *Id.*

Before receiving the requested A-Files, Plaintiffs filed this lawsuit, on May 29, 2020, to challenge USCIS's delays in responding to the A-File requests. Dkt. # 16 at 3. Most issues were resolved when USCIS responded to Plaintiffs' FOIA requests and provided all requested documents. Dkt. # 19 at 5. The remaining unresolved issue between the parties was an attorney fees award. Dkt. # 16 at 3. On October 16, 2020, Plaintiff moved the Court to resolve the matter in the pending motion for fees and costs under FOIA. *Id.*

## III.   DISCUSSION

As an initial matter, the Court addresses USCIS's request to strike all references to settlement discussions in Plaintiffs' motion for attorney fees. Dkt. # 19 at 6. USCIS contends that such references are irrelevant to Plaintiffs' request for attorney fees, inadmissible under Rule 408 of the Federal Rules of Evidence, and unfairly prejudicial to USCIS. *Id.* Plaintiffs argue that the Ninth Circuit has, in fact, held that settlement

ORDER – 3

communications are permissible when considering a motion for attorney fees.  Dkt. # 22 at 4.

Plaintiffs reliance on Ninth Circuit case law, however, is misplaced.  In the Ninth Circuit case cited by Plaintiffs, the court held that "settlement negotiations [are permissible] for the purpose of deciding a reasonable attorney fee award."  *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011).  All of the cases cited by Plaintiffs similarly hold that settlement communications are admissible on a limited basis: to determine a reasonable *amount* of attorney fees.  *See Miranda-Olivares v. Clackamas Cnty*., No. 3:12-cv-02317-ST (D. Or. Aug. 28, 2015); *Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009); *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1012 (8th Cir. 2004); *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir.2000).  As the Ninth Circuit explained, "other circuits have held that settlement negotiations may be considered by the district court as *a factor in determining a fee award*."  *Ingram*, 647 F.3d at 927 (emphasis added).

The settlement communications here are not proffered by Plaintiff for the purpose of determining a reasonable fee amount.  Plaintiff makes no representation to the contrary.  As such, the Court **GRANTS** USCIS's request to strike references to the settlement discussions in Plaintiffs' attorney fees motion.  Dkt. # 19 at 6.

Next, the Court considers whether Plaintiffs are entitled to attorney fees under FOIA.  Plaintiffs note that the issue presented in this motion "is substantially similar" to an attorney fee motion in *Rich v. United States Citizenship & Immigr. Servs.*, No. C20-0813JLR, 2020 WL 7490373 (W.D. Wash. Dec. 21, 2020).  The same counsel represents the plaintiffs in both matters and the argument in the two motions is "materially identical."  Dkt. # 16 at 2.  After the pending motion was filed in the instant matter, the fee motion in *Rich* was denied by the Honorable James L. Robart, United Stated District Judge for the Western District of Washington.  Having reviewed the facts here and applicable law, the Court reaches the same conclusion.

ORDER – 4

FOIA's "fee-shifting" provision authorizes the "assess[ment] against the United States [of] reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).  "To obtain an award of attorney fees under the FOIA, a plaintiff must demonstrate both eligibility and entitlement to the award."  *Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009) (citing *Long v. U.S. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991).  To establish the first step, eligibility, a plaintiff must show that he or she "has substantially prevailed" in its FOIA action by obtaining relief through: (1) a judicial order, or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency, if the plaintiff's claim is not insubstantial.  5 U.S.C. §§ 552(a)(4)(E)(i)-(ii); *First Amend. Coal. v. United States Dep't of Just.*, 878 F.3d 1119, 1126 (9th Cir. 2017).  Because there is no judicial order, written agreement, or consent decree in the matter at hand, the Court focuses on the latter.

In evaluating whether there has been a voluntary or unilateral change in position by the agency, the Ninth Circuit has held that there "must be a causal nexus" between the litigation and the Government's voluntary change in position.  878 F.3d at 1128.  A plaintiff must "present 'convincing evidence' that the filing of the action 'had a substantial causative effect on the delivery of the information.'"  *Id.* (citing *Church of Scientology of California v. U.S. Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983)).  A court must consider three factors in determining whether a plaintiff substantially prevailed: (1) when the requested documents were released; (2) what actually triggered the release; and (3) whether the plaintiff was entitled to the release of documents at an earlier time.  878 F.3d at 1129 (citing *Church of Scientology*, 700 F.2d at 492).

Similar to the plaintiff's argument in *Rich*, Plaintiffs' only argument for eligibility here is a temporal one, claiming that "the government was overdue providing records to Mr. Shaklee." Dkt. # 16 at 7;  2020 WL 7490373, at *3.  USCIS's release of records after the commencement of litigation, however, is not dispositive.  Controlling authority,

ORDER – 5

cited in *Rich* and reiterated here, holds that "the mere fact that information sought was not released until after the lawsuit was instituted is insufficient to establish that a complainant has substantially prevailed." 2020 WL 7490373, at *3 (citing 878 F.3d at 1128) (internal citation omitted).

With respect to the second factor, Plaintiffs fail to provide evidence of what actually triggered the release of records. The evidence provided by USCIS, on the other hand, provides compelling reasons for the months-long delay: (1) USCIS's FIFO process by which Plaintiffs' requests were placed in a queue to be processed after thousands and then tens of thousands of other FOIA requests; and (2) substantial challenges posed by the COVID-19 pandemic which affected operations and productivity, and led to the closure of the facility housing two of the three records requested. Indeed, once the FRC resumed operations, USCIS requested the records, processed them, and sent them to Plaintiffs two weeks later. There is no evidence that the release of records was triggered by anything other than the normal procedure for processing such requests pursuant to the FIFO process and reopening of the FRC. As USCIS notes, it never refused to provide the documents and it had informed Plaintiffs of possible delays due to the large volume of FOIA requests processed on a FIFO basis.

With respect to the third factor, whether Plaintiffs were entitled to the records at an earlier time, the Court recognizes that USCIS failed to process the records request within the 20-day statutory period. However, the Court finds that Plaintiffs did not "endure unnecessarily protracted litigation" as a result, as in *First Amendment Coalition*. *See* 878 F.3d at 1130.

Absent evidence supporting these three factors, the Court finds that Plaintiffs' lawsuit did not have a substantial causative effect on the release of the records. Because Plaintiffs have not shown that they "substantially prevailed," the Court concludes that they are not eligible for attorney fees. Plaintiff's motion for attorney fees is therefore **DENIED**.

ORDER – 6

1

## IV.   CONCLUSION

2
     For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for attorney fees.

3
Dkt. # 16.  Defendant's motion to strike references to settlement discussions is

4
**GRANTED**.  Dkt. # 19.

5

6
     DATED this 13th day of September, 2021.

7

8

9
The Honorable Richard A. Jones
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
ORDER – 7